IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENNSYLVANIA GEAR CORPORATION, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 02 cv 4359 |
| | ) | |
| ACSA STEEL FORGINGS, S.p.A., | ) | |
| Defendant | ) | TRIAL BY JURY DEMANDED |

## ANSWER

AND NOW, the Defendant, ACSA Steel Forgings, S.p.A., by and through its attorneys, files the following Answer, respectfully representing as follows:

## FIRST DEFENSE

1. Paragraph 1 of the Complaint is admitted.

2. Paragraph 2 of the Complaint is admitted. Defendant maintains a representative with an office in Erie, PA.

3. Denied. The averments of paragraph 3 of the Complaint are conclusions of law to which no response is required.

4. Paragraph 4 of the Complaint is admitted.

5. Paragraph 5 of the Complaint is admitted.

6. It is admitted that there was a contract between the parties pursuant to which PennGear agreed to pay ACSA for the manufacture of steel forgings. PennGear has breached this contract. PennGear's breach of contract is the subject of a pending lawsuit captioned <u>ACSA Steel Forgings v. Pennsylvania Gear Corp.</u>, U.S. Dist. Court for Western Dist. PA, CA 01-265 Erie.

7. Denied as stated. It is admitted that ACSA used tooling and/or tooling equipment in the manufacture of the forgings. It is denied that PennGear owns this tooling and/or that it has any proper or enforceable claim of ownership to the tooling.

8. Paragraph 8 of the Complaint is denied.

9. Paragraph 9 of the Complaint is denied. PennGear did not supply tooling.

10. It is admitted that ACSA ceased manufacturing forgings for PennGear because PennGear had, wrongfully and without just cause, refused and continues to refuse to pay

ACSA for the forgings. ACSA has no obligation to manufacture the forgings unless PennGear pays for the same.

11. Paragraph 11 of the Complaint is denied. No tooling equipment was supplied to ACSA by PennGear.

12. Paragraph 12 of the Complaint is denied.

13. Paragraph 13 of the Complaint is denied.

COUNT I – Conversion

14. The averments of paragraph 14 of the Complaint do not require a response. To the extent that a response is required, ACSA hereby incorporates paragraphs 1 through 13 above.

15. Paragraph 15 of the Complaint is denied.

16. Paragraph 16 of the Complaint is denied.

17. Paragraph 17 of the Complaint is denied.

18. Paragraph 18 of the Complaint is denied.

19. Paragraph 19 of the Complaint is denied.

WHEREFORE, ACSA requests that judgment be entered in favor of ACSA and against PennGear, together with attorney's fees and costs of defense.

### COUNT II – Unjust Enrichment

20. The averments of paragraph 19 of the Complaint do not require a response. To the extent that a response is required, ACSA hereby incorporates paragraphs 1 through 19 above.

21. Paragraph 21 of the Complaint is denied.

22. Paragraph 22 of the Complaint is denied.

23. Paragraph 23 of the Complaint is denied.

24. Paragraph 24 of the Complaint is denied.

25. Paragraph 25 of the Complaint is denied.

WHEREFORE, ACSA requests that judgment be entered in favor of ACSA and against PennGear, together with attorney's fees and costs of defense.

## SECOND DEFENSE

The Plaintiff has failed to state a claim upon which relief may be granted.

## THIRD DEFENSE

Venue does not properly lie in the United States District Court for the Eastern District of Pennsylvania. To the contrary, venue properly lies in the Western District of Pennsylvania.

## FOURTH DEFENSE

Plaintiff's claims are barred because they should have been, but were not, asserted by PennGear in the civil action captioned <u>ACSA Steel Forgings v. Pennsylvania Gear Corp.</u>, which is currently pending in the United States District Court for the Western District of Pennsylvania at no. 01-265 Erie.

### FIFTH DEFENSE

The Plaintiff's claims are barred by the statute of frauds.

### SIXTH DEFENSE

The Plaintiff's claims are barred by the applicable statute of limitations.

### SEVENTH DEFENSE

The Plaintiff's equitable claims are barred by the doctrine of unclean hands.

### EIGHTH DEFENSE

The Plaintiff's claims must be reduced and/or are barred by the Defendant's claims of setoff as set forth in the civil action between these parties which is presently pending in the United States District Court for the Western District of Pennsylvania at no. 01-265 Erie. All of the claims of ACSA asserted in that action are incorporated herein by reference as if set forth fully herein.

WHEREFORE, ACSA requests that judgment be entered in favor of ACSA and against PennGear, together with attorney's fees and costs of defense.

Respectfully submitted,

ELDERKIN, MARTIN, KELLY & MESSINA

By_____
　　Craig A. Markham, Esquire
　　150 East Eighth Street
　　Erie, Pennsylvania 16501
　　(814) 456-4000


CATALDE & BRADFORD
Robert J. Catalde, Esquire
731 French Street
Erie, Pennsylvania 16501
(814) 451-6236

　　Attorneys for Defendant

## CERTIFICATE OF SERVICE

        I certify that on the _____ day of July, 2002, I served a copy of the Answer on the following individuals and in the manner indicated below:

<u>U.S. First Class Mail, Postage Prepaid:</u>

John G. Richards, II, Esquire
350 Sentry Parkway, Building 640
Blue Bell, Pennsylvania  19422

Attorney for Plaintiff

                                            Respectfully submitted,

                                            ELDERKIN, MARTIN, KELLY & MESSINA

                                            By_____
                                                Craig A. Markham, Esquire
                                                Attorney for Defendant
                                                150 East Eighth Street
                                                Erie, Pennsylvania 16501
                                                (814) 456-4000