IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PENNSYLVANIA GEAR CORPORATION, )
     Plaintiff )
      )
     v. )   No.  02 cv 4359
      )
ACSA STEEL FORGINGS, S.p.A., )
     Defendant )   TRIAL BY JURY DEMANDED

**DEFENDANT, ACSA STEEL FORGINGS, S.P.A.'s, MOTION TO DISMISS**

AND NOW, the Defendant, ACSA Steel Forgings, S.p.A., by and through its attorneys, files the following Motion to Dismiss, respectfully representing as follows:

1.  Defendant, ACSA Steel Forgings, S.p.A. ("ACSA"), files this motion to dismiss the complaint under Rule 13(a) on the ground that the claims made by Pennsylvania Gear Corporation ("PennGear") in this action constitute compulsory counterclaims, which are required to have been filed as part of ACSA's lawsuit filed against PennGear in the Western District of Pennsylvania.

2.  On or about August 16, 2001, ACSA commenced an action for breach of contract against PennGear by filing a Complaint in the United States District Court for the Western District of Pennsylvania.  That civil action, captioned <u>ACSA Steel Forgings v. Pennsylvania Gear Corp.</u>, is currently pending in the United States District Court for the Western

District of Pennsylvania at no. 01-265 Erie.  A copy of the complaint filed by ACSA is attached
hereto as Exhibit 1.

      3.  Almost ten (10) months later, on or about, June 2, 2002, PennGear commenced
its own lawsuit in the Court of Common Pleas of Bucks County.  ACSA then timely removed the
lawsuit to this Honorable Court.  In its complaint, PennGear alleged damages under the same
contract which forms the basis of ACSA's earlier filed action.


      4.  The contractual relationship which forms the basis of both lawsuits began in or
around 1997.  Pursuant to that relationship, PennGear offered to purchase from ACSA various
forgings and in addition, to pay certain shipping expenses and warehouse costs for the same.
ACSA accepted these offers and manufactured and shipped the forgings ordered by PennGear.
As part of this manufacturing process and, in order to supply the forgings to PennGear under the
agreement, ACSA also fabricated specialized molds (called tooling) which were used by ACSA
to cut and form the forgings purchased by PennGear.  For a period of time, in accordance with
the parties' agreement,  PennGear made payments to ACSA. Subsequently, PennGear accepted
forgings manufactured by ACSA, but failed and refused to pay ACSA for the same.  As a result
of PennGear's wrongful refusal and continuing refusal to pay ACSA for the forgings it received,
ACSA ceased manufacturing forgings for PennGear and filed its lawsuit against PennGear.


      5.  Approximately ten (10) months after the commencement of the lawsuit in the
Western District of Pennsylvania by ACSA, PennGear commenced this separate action, alleging
two causes of action, one for conversion and one for unjust enrichment/quantum meruit.  In

support of these claims, PennGear alleges that ACSA has ceased to manufacture new forgings for PennGear and that ACSA has wrongfully retained the tooling used by ACSA to process those forgings and has used that tooling in the manufacture of forgings for other companies.

6.  PennGear's claims involve the same legal and factual issues as ACSA's Western District action and arise out of the same contractual relationship.

7.  As a result, PennGear's claims constitute compulsory counterclaims which should have been filed as part of ACSA's Western District action.  Therefore, this lawsuit should be dismissed or, alternatively, should be transferred to the Western District.

WHEREFORE,  ACSA Steel Forgings, S.p.A. respectfully requests that this Honorable Court dismiss Plaintiff's complaint.

Respectfully submitted,

ELDERKIN, MARTIN, KELLY & MESSINA

By_____
        Craig A. Markham, Esquire
        150 East Eighth Street
        Erie, Pennsylvania 16501
        (814) 456-4000

CATALDE & BRADFORD
Robert J. Catalde, Esquire
731 French Street
Erie, Pennsylvania  16501
(814) 451-6236

 Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the _____ day of September, 2002, I served a copy of the

Motion to Dismiss on the following individuals and in the manner indicated below:

<u>U.S. First Class Mail, Postage Prepaid:</u>

Mohammad Ghiasuddin, Esquire
Kaplin, Stewart, Meloff, Reiter & Stein
350 Sentry Parkway
Building 640
P.O. Box 3037
Blue Bell, Pennsylvania  19422

Attorney for Plaintiff

Respectfully submitted,

ELDERKIN, MARTIN, KELLY & MESSINA

By_____
      Craig A. Markham, Esquire
      Attorney for Defendant
      150 East Eighth Street
      Erie, Pennsylvania 16501
      (814) 456-4000