IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENNSYLVANIA GEAR CORPORATION, ) | | |
|     Plaintiff ) | | |
| ) | | |
|     v. ) | No. 02CV4359 | |
| ) | | |
| ACSA STEEL FORGINGS, S.P.A., ) | | |
|     Defendant ) | | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

    Plaintiff, Pennsylvania Gear Corporation ("Penngear"), by and through its attorneys, hereby submits its Memorandum of Law in Support of its Motion to Remand, as follows:

I. INTRODUCTION

    Penngear brought this suit against Defendant ACSA Steel Forgings, S.P.A. ("ACSA") by Complaint filed on or about June 5th 2002 in the Court of Common Pleas, Bucks County, Pennsylvania (a true and correct copy of the Complaint is attached to Plaintiff's Motion to Remand as Exhibit "A"). The Complaint seeks recovery of damages based on ACSA's conversion of tooling equipment manufactured for Penngear. The case arises from a business arrangement between Penngear and ACSA that commenced in 1997, whereby ACSA agreed to supply steel forgings to Penngear. In order for ACSA to supply the forgings with the correct specifications required by Penngear, Penngear directed ACSA to create specialized equipment known in the industry as "tooling." Penngear made payments to ACSA for the tooling separate and apart from the steel forgings. However, after ACSA ceased to manufacture new forgings for Penngear, it improperly and wrongly retained the tooling equipment that was created and payed for by Penngear. Based on information and belief, ACSA has

used the tooling equipment to make forgings for other businesses, including competitors of Penngear and profited by its wrongful retention of the tooling equipment.

Penngear's Complaint against ACSA brings two counts, Count I, for conversion and Count II, for unjust enrichment. Count I alleges that Penngear sustained damages in the amount of $53,425 plus interest and such further relief as the Court deems appropriate. Count II, for unjust enrichment, seeks damages believed to be in excess of $50,000.

On or about July 1st 2002, Defendant filed a Notice of Removal, a true and correct copy of which is attached to Plaintiff's Motion to Remand as Exhibit "B". Defendant's alleged basis for removal to federal court is diversity jurisdiction under 28 U.S.C.§1332. However, this Court does not have jurisdiction pursuant to diversity of citizenship and accordingly the case must be remanded to state court pursuant to 28 U.S.C. §1447 (c).

II. DISCUSSION

Defendant's Notice of Removal alleges that this Court has jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. §1332. Defendant's Notice of Removal alleges, "As stated in the complaint, the amount in controversy is in excess of $75,000 exclusive of interest and cost". See Exhibit "B", ¶ 4.

However, the Complaint does not set forth an amount in controversy in excess of $75,000 exclusive of interests and costs. Count I seeks recovery of $53,425 plus interest and such further relief as the Court may deem appropriate. Count II, for unjust enrichment, seeks an amount believed to be in excess of $50,000 plus interest, penalties, costs, attorneys fees, and such further relief as the Court may deem appropriate. On its face, the Complaint does not set forth that the amount in controversy is in excess of $75,000 exclusive of interest and costs.

In order to have jurisdiction over this matter based on diversity of citizenship, the amount in controversy must exceed the sum of $75,000, exclusive of interest and costs. <u>See</u> 28 U.S.C. §1332. The Complaint does not on its face show a matter in controversy that meets the jurisdictional requirement.

The burden is on Defendant to prove that removal of this action is proper. <u>Springfield Township v. Pan Am Corp</u>. 496 F.Supp. 871, 872 (E.D. Pa, 1980). <u>See also Jones v. Gen. Tire and Rubber Co.</u> 541 F.2d 660 (7th Cir., 1976). Defendant's sole basis for alleged jurisdiction in this Court is 28 U.S.C.§1332. Clearly, however, the requirement of that section is not met here.

28 U.S.C.§1447 allows a party to make a motion to remand a case to state court. In pertinent part, the rule provides that "If at any time before final judgment it appears that the District Court lacks subject matter jurisdiction, the case shall be remanded." The rule further allows that an order remanding the case may require payment of just costs and any actual expenses, including the attorneys fees, incurred as a result of the removal. 28 U.S.C.§1447 (c).

As there is no basis for federal jurisdiction, this case should be remanded to the Court of Common Pleas of Bucks County, Pennsylvania.

III. CONCLUSION

WHEREFORE, Plaintiff Pennsylvania Gear Corporation respectfully requests that this Court enter an Order remanding this case to the Court of Common Pleas of Bucks County Pennsylvania, and awarding Plaintiff its costs incurred in bringing this motion, including attorneys fees.

Respectfully submitted,

KAPLIN STEWART MELOFF REITER & STEIN, P.C.

By: _____
**Mohammad A. Ghiasuddin, Esquire**
Attorney ID #83925
350 Sentry Parkway
Building 640
Blue Bell, PA 19422-0765
Attorney for Plaintiff

Dated: October 1, 2002

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum of Law was caused to be sent by first class mail, postage prepaid by the undersigned on the date stated below, to the addressee stated below and at the address stated below:

Craig A. Markham, Esquire
ELDERKIN, MARTIN, KELLY & MESSINA
150 East Eighth Street
Erie, PA 16501

Robert J. Catalde, Esquire
Catalde & Bradford
731 French Street
Erie, Pennsylvania 16501

**KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

By:_____
**Mohammad A. Ghiasuddin, Esquire**

**Dated:** October 1, 2002