IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENNSYLVANIA GEAR CORPORATION, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No.  02 cv 4359 |
| | ) | |
| ACSA STEEL FORGINGS, S.p.A., | ) | |
| Defendant | ) | TRIAL BY JURY DEMANDED |

**MEMORANDUM OF ACSA IN OPPOSITION TO MOTION TO REMAND**

I.      BACKGROUND

This case is presently before the Court upon the motion of Plaintiff, Pennsylvania Gear Corporation ("Penngear"), to remand the action to the Court of Common Pleas of Bucks County, Pennsylvania. Penngear's motion is based solely upon the erroneous conclusion that this Court lacks subject matter jurisdiction due to an insufficient amount in controversy. However, since Penngear's complaint, on its face, alleges damages totaling in excess of $100,000, the jurisdictional amount of $75,000 is satisfied.  As a result, this Honorable Court has original jurisdiction of this action pursuant to 28 U.S.C. §1332 and the matter was properly removed to this court under 28 U.S.C. § 1441.

On or about June 5, 2002, Penngear commenced this action by filing a complaint in the Court of Common Pleas of Bucks County.  The complaint alleges two causes of action against ACSA Steel Forgings, S.P.A. ("ACSA").  In count I, Penngear seeks monetary damages in the amount of $53,425.00, representing the amounts allegedly paid to ACSA for tooling. In

count II, Penngear asserts a theory of unjust enrichment in connection with profits allegedly earned by ACSA through the use of the tooling, for which Penngear claims monetary damages in an amount "in excess of $50,000.00." Thereafter, on or about July 1, 2002, ACSA timely filed a Notice of Removal seeking to have this matter removed to federal court based upon diversity jurisdiction under 28 U.S.C. §1332. As a result, the matter is currently before this Court.

ACSA is a corporation in the business of manufacturing steel forgings to be used in the manufacturing industry. Penngear, a corporation which manufactures gears and related goods, offered to purchase from ACSA various forgings to be used in its manufacturing process and to pay certain shipping expenses and warehouse costs for the same, which offer ACSA accepted. See *Penngear Complaint, ¶¶4-6*. As part of this manufacturing process, and in order to supply the forgings to Penngear under the agreement, ACSA also created specialized molds, called tooling, which are used to cut and form the forgings. Penngear was charged some costs relating to the fabrication of the molds. The parties' contractual relationship ended when Penngear failed and refused to pay ACSA. See *Penngear Complaint, ¶10*.

ACSA commenced its own lawsuit on August 16, 2001, in the United States District Court for the Western District of Pennsylvania, alleging a cause of action for breach of contract. Approximately ten (10) months later, on June 5, 2002, Penngear filed this lawsuit with

the Court of Common Pleas of Bucks County.[1]  Based upon diversity jurisdiction, ACSA then timely removed that action to this Honorable Court.

Penngear has now filed a motion seeking to have this case remanded to the Bucks County Court, alleging that this Honorable Court lacks jurisdiction because the amount in controversy is less than $75,000.00.  ACSA has filed a response opposing Penngear's motion to remand since the aggregate amount of Penngear's two causes of action exceeds $75,000.00.  This memorandum of law is respectfully submitted in support of ACSA's response.

II.	DISCUSSION

This matter was properly removed to this Honorable Court based upon the Court's federal diversity jurisdiction under 28 U.S.C. § 1332, since the parties are citizens of different States[2] and the complaint, on its face, alleges damages in an aggregate amount exceeding $103,000.

A district court's determination as to the amount in controversy must be based on the plaintiff's complaint at the time the petition for removal was filed. Werwinski v. Ford Motor

---

[1] Presently pending before this Honorable Court is ACSA's motion to dismiss, which motion is based upon the fact that Penngear's causes of action should be asserted as a counterclaim in ACSA's lawsuit.

[2] Penngear does not dispute the fact that there is a diversity of citizenship between the parties.

Co., 286 F.3d 664, 666 (3rd Cir. 2002).  An action may not be remanded to the state court unless it is apparent to a "legal certainty" that the plaintiff's claim cannot meet the amount in controversy requirement.   Suber v. Chrysler Corp., 104 F. 3d 578, 588 (3rd Cir. 1997)(*citing* St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-289, 58 S. Ct. 586, 591 (1938)).

When calculating the amount in controversy, under 28 U.S.C. § 1332,  with regard to multiple claims brought by a single plaintiff against a single defendant, courts permit aggregation of two or more of the plaintiff's claims in order to satisfy the jurisdictional amount, regardless of whether the claims are related to one another.  Snyder v. Harris, 394 U.S. 332, 335, 89 S. Ct. 1053, 1056 (1969)("Aggregation has been permitted... in cases in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant"); Werwinski, 286 F.3d at 666 ("claims, whether related or unrelated, of a single plaintiff against a single defendant may be aggregated"); Suber, 104 F. 3d at 588 ("claims brought by a single plaintiff against a single defendant can be aggregated when calculating the amount in controversy, regardless of whether the claims are related to each other"); National Recovery Systems v. Ornstein, 541 F. Supp. 1131, 1133 (E.D. Pa. 1982)("It is well settled that a single plaintiff in an action against a single defendant may aggregate all claims" against the defendant in order to meet the amount in controversy requirement); Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1991)(plaintiff may aggregate smaller claims in order to reach the jurisdictional threshold requirement).

The only limitation to this rule of aggregation is that the plaintiff must be permitted to recover damages under both claims; if the claims are alternative bases for recovery for the same harm under the same law and plaintiff could not be awarded damages for both, the claims may not be aggregated to arrive at the amount in controversy. Suber, 104 F. 3d at 588; C.D. Peacock, Inc. v. The Neiman Marcus Group, Inc., 1998 U.S. Dist. LEXIS 2945 (E.D. Pa. 1998).

Since Penngear's claims are brought by a single plaintiff against a single defendant, and since they are distinct with regard to their theories of liability and in terms of potential recoverable damages, the claims should be aggregated in order to satisfy the jurisdictional amount. In its complaint, Penngear alleges two separate causes of action. In Count I, Penngear attempts to set forth a claim for conversion, in which it alleges that following the termination of the parties' contract, ACSA "improperly and wrongly retained the tooling equipment that was created and paid for by Penngear." As damages, Penngear demands $53,425.00, which amount supposedly reflects the charges paid by Penngear to ACSA for the tooling. In Count II, Penngear alleges a separate and distinct claim based upon the theory of unjust enrichment. In support of this claim, Penngear alleges that ACSA has used the converted tooling equipment in order to make forgings for other businesses, including competitors of Penngear and that ACSA has profited from its wrongful use of the tooling equipment. Penngear seeks unspecified damages "in excess of $50,000.00."

While these claims are related with respect to their subject matter, they assert separate damages and since Penngear could recover separately for each of these two claims, they are not alternative theories of recovery for the same injury. Therefore, the claims should properly be aggregated for purposes of calculating the amount in controversy.   When aggregated, the damages sought with regard to each of those two claims is in excess of $75,000.

Based upon the foregoing reasons, this matter was properly removed to the federal court under 28 U.S.C. § 1332 and therefore, Penngear's motion to remand must be denied.

WHEREFORE, Defendant, ACSA Steel Forgings, S.P.A. respectfully requests that this Honorable Court enter an Order denying Plaintiff's motion to remand.

Respectfully submitted,

ELDERKIN, MARTIN, KELLY & MESSINA

By _____
Craig A. Markham, Esquire
Lori R. Miller, Esquire
150 East Eighth Street
Erie, Pennsylvania 16501
(814) 456-4000

CATALDE & BRADFORD

6.

Robert J. Catalde, Esquire
731 French Street
Erie, Pennsylvania  16501
(814) 451-6236

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that on the _____ day of October, 2002, I served a copy of the Memorandum in Support of ACSA's Response in Opposition to Penngear's Motion to Remand on the following individuals and in the manner indicated below:

U.S. First Class Mail, Postage Prepaid:

John G. Richards, II, Esquire
350 Sentry Parkway, Building 640
Blue Bell, Pennsylvania  19422

Attorney for Plaintiff

Respectfully submitted,

ELDERKIN, MARTIN, KELLY & MESSINA

By _____
Craig A. Markham, Esquire
Lori R. Miller, Esquire
Attorneys for Defendant
150 East Eighth Street
Erie, Pennsylvania 16501
(814) 456-4000