```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


PENNSYLVANIA GEAR CORP.,          :    CIVIL ACTION
            Plaintiff             :
                                  :
        v.                        :
                                  :
ACSA STEEL FORGINGS, S.P.A.       :
            Defendant             :    NO. 02-4359
```

MEMORANDUM AND ORDER

McLaughlin, J.                                November ____, 2002

        The question raised by the plaintiff's motion to remand is whether the Court has removal jurisdiction under 28 U.S.C. § 1441.  The question turns on whether the plaintiff's claims of $53,425 in damages for converted equipment and $50,000 in damages for unjust enrichment from using the same equipment to sell goods can be aggregated.  The claims cannot be aggregated in this situation so the amount in controversy is less than the $75,000 required for removal jurisdiction based on diversity of citizenship leaving the Court with no basis for removal jurisdiction.  The plaintiff's motion to remand is granted.

        The plaintiff, Pennsylvania Gear Corporation ("Pennsylvania Gear"), is a Pennsylvania corporation.  The

1

defendant, ACSA Steel Forgings ("ACSA"), is an Italian corporation.  See Compl. at ¶¶ 1-2.

In 1997, ACSA and Pennsylvania Gear entered into an agreement under which ACSA was to supply steel forgings to Pennsylvania Gear.  To execute this arrangement, Pennsylvania Gear directed ACSA to create specialized cutting and forming equipment.  See Compl. at ¶¶ 6-7.

At some point, ACSA ceased supplying Pennsylvania Gear with steel forgings, but it retained the specialized equipment.  Pennsylvania Gear alleges that ACSA continues to make forgings and sell the forgings to other businesses with the specialized equipment it retained.  See Compl. at ¶¶ 10-12.

The plaintiff filed a complaint in the Court of Common Pleas, Bucks County on June 5, 2002 seeking to recover on two counts.  First, the plaintiff seeks damages in the amount of $53,425 for the value of the specialized equipment it alleges ACSA converted.  Second, the plaintiff seeks damages in an amount in excess of $50,000 for unjust enrichment it alleges ACSA received by using the specialized equipment to sell steel forgings to other businesses.  See Compl. at ¶¶ 19, 24.

On July 1, 2002, ACSA filed a notice of removal claiming that the Court has jurisdiction because there is diversity of citizenship and there is in excess of $100,000 in

controversy.  See Def.'s Notice of Removal at ¶¶ 4-5.  On October 1, 2002, the plaintiff filed a motion to remand this case back to the Court of Common Pleas because the $75,000 amount in controversy requirement is not met as the plaintiff seeks damages of $53,425 for conversion and in excess of $50,000 for unjust enrichment.  See Mot. to Remand at ¶ 7.

For a federal court to exercise jurisdiction over a removed case, the district court must have original jurisdiction over the case based either on diversity of citizenship or federal question jurisdiction.  28 U.S.C. § 1441(a).

The diversity statute confers subject matter jurisdiction on a federal court to hear cases where suit is between citizens of a state and citizens of a foreign state.  28 U.S.C. § 1332(a).  In the present case, Pennsylvania Gear is a Pennsylvania corporation and ACSA is an Italian corporation satisfying the diversity of citizenship requirement.

Additionally, to exercise diversity jurisdiction, the amount in controversy must exceed $75,000.  Id.  In the present case, this requirement can be met only if the conversion and unjust enrichment claims can be aggregated.

Claims brought by a single plaintiff can be aggregated unless it appears to a "legal certainty" that there could not be recovery for an amount in excess of the amount in controversy

requirement. An example of when separate claims cannot be aggregated is when a plaintiff claims alternative bases for recovery for the same harm under state law. Suber v. Chrysler Corp., 104 F.3d 578, 588 (3d Cir. 1990).

Conversion and unjust enrichment are alternative bases for recovery in the present case. A plaintiff may recover ordinary tort damages for conversion or restitution damages for unjust enrichment but not both. See Lindsley v. First Nat'l Bank of Philadelphia, 190 A. 876, 878 (Pa. 1937) (a plaintiff whose check was converted could recover for restitution damages instead of tort damages); Rogers v. Studebaker Sales Co., 157 A. 6, 6 (Pa. Super. Ct. 1931) (allowing the plaintiff to recover for restitution damages instead of tort damages when the defendant converted and sold the plaintiff's automobile); see also Buford v. Wilimington Trust Co., 841 F.2d 51, 56 (3d Cir. 1988) (citing with approval Wessel v. Montgomery, Scott & Co., 163 A. 347, 351 (Pa. Super. Ct. 1932)); 1A C.J.S. Actions §§ 110, 123; Dan R. Dobbs, Law of Remedies § 5.18(1)-(2), at 923-24, 928-29 (2d ed. 1993).

There is a legal certainty that the plaintiff cannot recover for both conversion and unjust enrichment because these are alternative bases for recovery. The claims, therefore, cannot be aggregated for amount in controversy purposes. Because

the amount in controversy is below $75,000, removal of this case from state to federal court is improper.

An appropriate order follows.